Filed 2/26/14  P. v. Ramsdell CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARLENE M. RAMSDELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B246053<br>(Super. Ct. No. 2010012821)<br>(Ventura County) |

Marlene M. Ramsdell appeals her conviction by jury of two counts of arson of an inhabited structure (Pen. Code § 451, subd. (b))[1] and one count of arson of another's property (§ 451, subd. (d)).  The trial court denied probation and sentenced appellant to six years eight months state prison.  Appellant claims she was denied effective assistance of counsel and argues evidentiary and sentencing errors.  We affirm.

*Facts*

In 1996 appellant's house was gutted by a fire when the stove pilot light ignited a freshly painted kitchen.  Several charities helped appellant and her fiancée, Lucas Sisson, after the fire.  The Red Cross paid for appellant's stay at a hotel and the first month's rent at a new house.  Appellant and Sisson received $3,000, clothing, food,

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

furniture and a television.  Sisson estimated they received ten times more than they lost in the fire.

2006 Arson

In 2006 appellant rented a house from David Richards on Junipero Street in Simi Valley.   On July 24, 2006, Richards gave written notice that appellant was behind on the rent and not paying the trash bill.  The letter stated that Richards would take legal action if the problems were not corrected.  Richards sent a copy of the letter to the Housing Authority where appellant received Section 8 housing assistance.

On July 25, 2006, the house burnt down.  Appellant claimed it was an electrical fire but the house electrical system was completely upgraded before the fire.  The Red Cross provided appellant housing, food, and clothing.  Appellant received a free hotel stay, a month's free rent, shoes, bedding, and food money.

Christine Saqui, a fire investigator with the Ventura County Fire Department, determined that the fire was intentionally started in the bedroom closet.  Saqui ruled out accidental fire sources  and opined that the fire was started with a lighter or matches.

2009 Arson

On May 15, 2009, a closet fire caused $75,000 structural damage to a Ventura house that appellant rented.  Ventura County Fire Department Captain Daniel Plum traced the fire to the bedroom closet but could not find an ignition source.  Appellant told Ventura County Sheriff Arson Investigator Guy Peach that she was at an AA meeting when the neighbor reported the fire.  After the fire, the Red Cross provided appellant bedding, a five-day hotel stay, a month's fee rent, and food money.

Fire insurance investigator Robert Rappaport  determined that the fire was intentionally set with an open-flame device such as a lighter.  The neighbor saw appellant leave the house a few minutes before the smoke alarms sounded.

At trial, appellant defended on the theory that the 2006 fire (Simi Valley arson) was caused by a closet light bulb.  Appellant denied receiving the landlord's letter (Richards' letter) before the fire and denied starting the 2009 fire.

2

*Richards' Letter*

Appellant argues that Richard's Letter (the 2006 landlord letter) is hearsay. The letter was not offered for the truth of what it said but to show motive. (See e.g., *People v. Mickey* (1991) 54 Cal.3d 612, 668.) The letter stated that appellant owed rent, had another person living on the premises, had a camper parked in the driveway, was not paying the trash bill, and that appellant had to replace a broken door window. Richards discussed these issues with appellant before the letter was sent. The letter was admissible to show the effect it had on the recipient, i.e., that appellant was angered by the letter and set fire to the house. (*People v. Mendoza* (2007) 42 Cal.4th 686, 697; *People v. Hill* (1992) 3 Cal.4th 959, 987.)

Appellant asserts that the letter violates her due process rights but waived the issue by not objecting on that ground at trial. (See e.g., *United States v. Olano* (1993) 507 U.S. 725, 731-732 [123 L.Ed.2d 508, 517-518]; *People v. Partida* (2005) 37 Cal.4th 428, 434-435.) Appellant contends that her trial attorney was ineffective but counsel was not required to make groundless evidentiary objections. (*People v. Sanchez* (1997) 58 Cal.App.4th 1435, 1449-1450; *People v. Mendoza* (2000) 78 Cal.App.4th 918, 924.) The application of ordinary rules of evidence under state law does not violate the federal constitutional right to present a defense. (*People v. Dement* (2011) 53 Cal.4th 1, 52; *People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103.) Appellant makes no showing that she was prejudiced or denied a fair trial. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004.)

*CALCRIM 316*

After appellant did not recall a prior conviction for bouncing a check, it was stipulated that appellant was convicted of passing an insufficient-funds check in 1999. Appellant claims that she was denied effective assistance of counsel because her trial attorney did not request a CALCRIM 316 instruction that prior misconduct does not

3

necessarily destroy the witness's credibility.[2]  The jury was instructed on how to evaluate witness testimony (CALCRIM 226), that certain evidence was admitted for a limited purpose, and that '[y]ou may consider that evidence for that purpose and no other." (CALCRIM 303.)  The trial court had no sua sponte duty to give a CALCRIM 316 supplemental instruction. (See e.g., *People v. Hawkins* (1995) 10 Cal.4th 920, 942.) Witness credibility was adequately covered by the instructions given.  It is not ineffective assistance of counsel where counsel fails to request a supplemental instruction.  (See e.g., *People v. Castillo* (1997) 16 Cal.4th 1009, 1015.)

To prevail on the ineffective assistance of counsel claim, appellant must show both deficient performance and resulting prejudice.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)  Appellant's trial attorney may have concluded that CALCRIM 316 would draw attention to the prior crimes evidence.  (See e.g., *People v. Hinton*  (2006) 37 Cal.4th 839, 878.)   Because counsel was confronted with difficult and nuanced tactical decisions, we do not second guess counsel's choice.  (*People v. Montoyua*  (2007) 149 Cal.App.4th 1139, 1147-1148.)

Assuming, arguendo, that counsel was deficient in not requesting a CALCRIM 316 instruction, appellant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington supra,* 466 U.S. at p. 694 [80 L.Ed.2d. at p.

---

[2] Where a defendant admits a prior crime or other misconduct, the defense can request CALCRIM 316 which states:  "Additional Instructions on Witness Credibility - Other Conduct [¶]  . . .  [¶]  If you find that a witness has committed a crime or other misconduct, you may consider that fact [only] in evaluating the credibility of the witness's testimony.  The fact that a witness may have committed a crime or other misconduct does not necessarily destroy or impair a witness's credibility.  It is up to you to decide the weight of that fact and whether that fact makes the witness less believable." (Judicial Council of California,  Criminal Jury Instructions (2013) CALCRIM 316, p. 88.)

698].)  Prejudice is lacking here because appellant's prior conviction was not used as propensity evidence to prove the charged offenses.  The evidence shows that appellant intentionally set fire to two homes.  Had CALCRIM 316 been given, it is not reasonably probable that appellant would have obtained a more favorable result.  (*Id.*, at pp. 694-695 [80 L.Ed.2d at p. 698].)

*Probation*

Appellant contends that the trial court abused its discretion in not granting probation.  Appellant has the burden of showing that the sentence is so irrational or arbitrary that no reasonable person could agree with it.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)  Where the defendant is convicted of arson of an inhabited structure, section 1203, subdivision (e)(9) prohibits probation except in unusual cases where the interests of justice would be served.  Appellant did not satisfy any of the probation criteria set forth in California Rules of Court rule 4.413(b) & (c) or show that it was an unusual case warranting probation.

It is undisputed that the 2009 fire was close to neighboring homes and posed a substantial danger to property and human life.  Appellant (age 52) had two prior convictions, was a long term substance abuser, and suffered from depression, anxiety, panic attacks, and post traumatic stress disorder.  There is no evidence that substance abuse or mental illness caused appellant to set fire to two homes. Appellant argues that no one was hurt but that does not make it an unusual case or overcome the presumption of no probation.  (See e.g., *People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1229.)

The probation report lists six factors against probation, five aggravating factors, and no mitigating factors.  It states that appellant "is a great danger to the community and any property owner[] . . . .  Clearly, she fails to take any responsibility for her dangerous behavior as she contends she did not set any of the fires. . . .  Not only were her actions extremely dangerous for the lives of other people, but she also caused thousands of dollars in losses."

5

The same public safety concerns are echoed in a 90-day diagnostic report prepared by the Department of Corrections and Rehabilitation. (§ 1203.03, subd. (a).) . Dr. Douglas Hoehing reported that appellant "has shown no remorse. The emotional support and financial rewards she received from the first fire was a strong reinforcing motivation for setting the subsequent fires. [Appellant's] behavior demonstrated a total lack of concern for the safety and welfare of others and was motivated from the self interest of greed. Her narcissistic sense of entitlement blocks her from gaining any insight into her behavior and in turn she does not benefit from this insight . . . . There is nothing in [appellant's] thinking or behavior that would indicate that she would not repeat this behavior in the future if she thought she could get away with it."

Appellant complains that the 90-day diagnostic report does not refer to the diagnostic tests conducted before sentencing. Trial counsel alerted the trial court and argued that "I don't think [the diagnostic report] is any more helpful than the probation report was." The reports show that appellant is unrepentant, is likely to reoffend, and is a threat to public safety. The trial court did not abuse its discretion in denying probation. Probation is an act of clemency and grace, not a matter of right. (*People v. Giordano* (2007) 42 Cal.4th 644, 663, fn. 7.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                                    YEGAN, J.

We concur:


        GILBERT, P.J.



        PERREN, J.


6

Patricia R. Murphy, Judge

Superior Court County of Ventura

_____

Lisa M. Spillman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Toni R. Johns Estaville, Deputy Attorney General, for Plaintiff and Respondent.